BRISTOR v. MANHATTAN REAL ESTATE CO.

(Supreme Court, Appellate Term. March 8, 1912.)

1. EVIDENCE (§ 441*)—PAROL EVIDENCE—VARYING PROMISSORY NOTE.

It cannot be shown by parol that a note was delivered as a part of a separate contract for an extension of time at maturity for its payment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2030–2047; Dec. Dig. § 441.*]

2. BILLS AND NOTES (§ 103*)—FRAUD—EVIDENCE.

A maker of a note for services rendered by payee, an attorney, may, when sued by the payee, plead and prove as a defense fraud by the payee in the rendition of the services.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 233–240; Dec. Dig. § 103.*]

Appeal from City Court of New York, Trial Term.

Action by George R. Bristor against the Manhattan Real Estate Company. From a judgment of the City Court of the City of New York for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

James Westervelt, for appellant.
George R. Bristor, pro se.

GUY, J. The defendant appeals from a judgment in favor of plaintiff, entered by direction of the court, for $845.38 in an action on a promissory note, and from an order denying a motion to set aside the verdict and for a new trial.

[1] The making of the note is admitted, and that it was not paid at maturity. The answer sets up two separate defenses: First, that the note was not delivered unconditionally, but as a part of another and separate contract for an extension of time, at maturity, for payment of the note. This alleged agreement would vary the terms of the written contract, and, as such, would not constitute a valid defense to the note. Evidence on this point was properly excluded.

[2] The second defense interposed is that the note in suit was given in settlement and adjustment of an alleged claim presented by plaintiff against defendant for professional services as an attorney at law, and that in rendering, or pretending to render, such alleged services, the plaintiff had been guilty of a gross fraud upon the defendant, his client, in that he made false representations as to certain material facts, and concealed from the defendant, his client, certain other ma-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terial facts, as to the matters in regard to which he had been retained as an attorney, and as a result of said false representations and concealment plaintiff was induced to and did agree to a settlement with one Bayley, which settlement was greatly to defendant's injury. The answer also sets forth that the plaintiff, throughout the negotiations in which he pretended to represent the defendant, acted as the attorney of Bayley, with whom he was conducting negotiations ostensibly on behalf of the defendant, and that throughout these entire negotiations the plaintiff deceived and defrauded the defendant, his client; and the defendant contended upon the trial, and contends upon this appeal, that, as the only consideration for the note in suit was such fraudulent services as plaintiff pretended to perform for the defendant, the note was without consideration and void. Evidence was offered in support of this allegation of the answer, and was excluded by the trial justice, under an exception by the defendant.

The trial justice erred in excluding such evidence. If established by competent proof, the fraud on the part of the plaintiff, alleged as a defense, would have constituted a good legal defense to the action on the note.

"'Fraud cuts down everything' is the sharp phrase of Lord Chief Baron Pollock in an English case; and between parties it at once destroys the validity of a bill or note into the consideration of which it enters. * * * There was, in fact, no contract, and proof of the fraud at once defeats the action on the bill, note or check." Daniel on Negotiable Instruments, p. 216.

As between the original parties a promissory note has no more sanctity or binding effect than other forms of contract; and where fraud enters into and forms the sole consideration for the making of the contract, the fraud vitiates and destroys the contract. As fraud was properly pleaded, the learned trial justice erred in excluding evidence thereof, and in directing a verdict for the plaintiff.

The judgment and order should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.